**The STATE of Ohio, Appellant,**

**v.**

**ROBINSON, Appellee.***

[Cite as *State v. Robinson* (1995), 103 Ohio App.3d 490.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–940526, C–940527.

Decided June 7, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 74 Ohio St.3d 1418, 655 N.E.2d 738.

*Fay Dupuis,* Cincinnati City Solicitor, *Terrence R. Cosgrove,* Cincinnati Prosecuting Attorney, and *Jim L. Hardin,* for appellant.

*Martin P. McConnell,* for appellee.

PAINTER, Judge.

## I.   Facts

On December 10, 1993, defendant-appellee David Robinson was arrested and charged with obstructing official business in violation of R.C. 2921.31 and with drug abuse (possession of less than one hundred grams of marijuana) in violation of R.C. 2925.11.   Prior to a trial of the charges, Robinson filed with respect to each charge a motion seeking the suppression of evidence seized in a warrantless

search of his apartment. The trial court granted Robinson's motion to suppress, and the state of Ohio, upon certification pursuant to Crim.R. 12(J), appealed. On appeal, the state advances a single assignment of error, in which it contends that the trial court erred in granting Robinson's motion to suppress. We find no merit to this contention.[1]

The charges against Robinson arose in connection with a police investigation into citizens' complaints regarding activity at Robinson's residence. The prosecution offered no testimony at the hearing on the motion to suppress as to the precise nature of the citizens' complaints, but merely established that the investigation into the complaints led two plainclothes police officers, Officer Cathleen Sneed and Officer Kyle Ingram, on the evening of October 30, 1993, to the hallway leading to Robinson's apartment. The officers immediately noticed the odor of burning marijuana emanating from an unknown source. Officer Sneed knocked on Robinson's door and, in response to a request that she identify herself, stated her name, but did not identify herself as a police officer. Robinson opened the door, and the odor of burning marijuana escaped through the opening. When Robinson saw the officers standing at the door with their badges displayed, he attempted to close the door, but was prevented from doing so by Officer Ingram's insertion of a flashlight between the door and the doorframe. The officers then verbally identified themselves as police officers and ordered Robinson to open the door. As the officers struggled to force the door inward and Robinson strained to bar their entry, the officers heard him shout repeatedly, "Get rid of the shit * * *. Police," and observed the actions of a second person in the apartment, who ran from room to room. The officers ultimately succeeded in forcing the door open, and when they entered the apartment, they observed a packaged quantity of marijuana in Robinson's shoe, which had fallen off during their struggle. This quantity of marijuana provided the evidentiary fundament for the officers' complaint charging Robinson with drug abuse, a minor misdemeanor.

## II. Plain View

The Fourth Amendment to the United States Constitution secures the right to be free from unreasonable searches and seizures and requires warrants to be particular and supported by probable cause.[2] A warrantless search or

---

1. We have *sua sponte* removed this cause from the accelerated calendar.

2. The Fourth Amendment provides the floor for constitutional protection in the context of a search or seizure. *State v. Thierbach* (1993), 92 Ohio App.3d 365, 369, 635 N.E.2d 1276, 1279. In the absence of a determination that the officers' seizure of the marijuana was accomplished in conformity with the Fourth Amendment, we do not reach the issue of

seizure effected on premises in which the individual seeking to invoke the right has a reasonable expectation of privacy is *per se* unreasonable unless it falls within one of the recognized exceptions to the warrant requirement. *Payton v. New York* (1980), 445 U.S. 573, 586–587, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639, 650–651 (citing *Coolidge v. New Hampshire* [1971], 403 U.S. 443, 474–475, 91 S.Ct. 2022, 2042, 29 L.Ed.2d 564, 587–588). Evidence derived from a search or seizure effected in contravention of the Fourth Amendment is subject to exclusion at trial. *Mapp v. Ohio* (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

The state argues that the trial court erred in granting Robinson's motion to suppress the packaged marijuana because it was properly seized under the plain-view exception to the warrant requirement. We are not persuaded.

The warrantless seizure by a law enforcement officer of an object in plain view does not violate the Fourth Amendment if (1) the officer did not violate the Fourth Amendment in arriving at the place from which the object could be plainly viewed, (2) the officer has a lawful right of access to the object, and (3) the incriminating character of the object is immediately apparent. *Horton v. California* (1990), 496 U.S. 128, 136–137, 110 S.Ct. 2301, 2308, 110 L.Ed.2d 112, 122–123. The controversy before us turns upon the first criterion of the plain-view doctrine, *i.e.*, that the seizing officer attain his vantage point in compliance with the Fourth Amendment. Satisfaction of that criterion requires that the initial intrusion that brings the officer within plain view either arise in a context in which the Fourth Amendment is inapplicable or fall within the permissible scope of a search conducted pursuant to a warrant or under a recognized exception to the warrant requirement. *Coolidge, supra,* 403 U.S. at 465–466, 91 S.Ct. at 2037–2038, 29 L.Ed.2d at 582–583; accord *Horton, supra,* 496 U.S. at 134–136, 110 S.Ct. at 2306–2307, 110 L.Ed.2d at 121–123.

The Fourth Amendment protects only against an unreasonable intrusion into an area in which the individual seeking to invoke the protection has an actual, subjective expectation of privacy which, viewed objectively, is justifiable under the circumstances. *Smith v. Maryland* (1979), 442 U.S. 735, 740, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220, 227 (citing *Katz v. United States* [1967], 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576). Robinson does not assert, and we do not find, a reasonable expectation of privacy in an area other than his apartment. Therefore, the Fourth Amendment was not implicated either by the officers' presence in the hallway leading to Robinson's apartment or by the knock on the door. See *State v. Chapman* (1994), 97 Ohio App.3d 687, 647 N.E.2d 504.

---

whether the seizure also conformed to the requirements of Section 14, Article I of the Ohio Constitution.

The Fourth Amendment was implicated, however, by the officers' entry into Robinson's apartment. Their warrantless entry must, therefore, have been based upon, and within the scope of, a recognized exception to the warrant requirement.

█ Robinson consented to the officers' initial breach of the threshold of his apartment. When Robinson opened the door following Officer Sneed's identification of herself by name only, he did so freely and voluntarily, under neither duress nor coercion, see *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854, and not upon an express misrepresentation by the officers. See *State v. Pi Kappa Alpha Fraternity* (1986), 23 Ohio St.3d 141, 23 OBR 295, 491 N.E.2d 1129. The act of opening the door was not rendered involuntary, and thus nonconsensual, by the fact that Robinson would not have opened the door but for Officer Sneed's failure to identify herself as a police officer. See *State v. Posey* (1988), 40 Ohio St.3d 420, 534 N.E.2d 61, paragraph three of the syllabus. Therefore, the officers did not violate the Fourth Amendment in attaining their initial vantage point.

█ The officers' progress into the apartment was not, however, made in conformity with the Fourth Amendment consent doctrine. Robinson communicated to the officers the limited scope of his consent to the initial intrusion when he attempted to bar the officers' entry into the apartment by closing the door, and the officers exceeded the scope of Robinson's voluntary consent when they forced their way over the threshold and into the apartment. See *Lakewood v. Smith* (1965), 1 Ohio St.2d 128, 30 O.O.2d 482, 205 N.E.2d 388; *State v. Glover* (1978), 60 Ohio App.2d 283, 14 O.O.3d 253, 396 N.E.2d 1064. The officers' warrantless, nonconsensual entry must, therefore, have been premised upon some other exception to the warrant requirement.

### III.   Search Incident to Arrest

█ To the extent that the officers did not violate the Fourth Amendment in attaining their initial vantage point, the plain-view doctrine would permit them to act upon that which they perceived as they stood before the open door. R.C. 2935.03 authorizes a law enforcement officer to effect a warrantless arrest for a criminal offense committed in his presence, provided he has probable cause to arrest. See *Wong Sun v. United States* (1963), 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441. Also, an exception to the Fourth Amendment warrant requirement authorizes a limited search incident to a lawful arrest. See *Rawlings v. Kentucky* (1980), 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (holding that a search incident to arrest may precede an arrest if probable cause to arrest precedes the search and the arrest is not based on evidence uncovered in the search); *Chimel v. California* (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (holding that a search incident to arrest must serve the purposes of assuring the safety of the

arresting officer, ensuring the custody of the arrestee, and securing evidence the arrestee might seek to destroy).

The odor of burning marijuana that escaped through the open door provided probable cause as to the commission within the apartment of minor-misdemeanor drug abuse. However, R.C. 2935.26 limits the power of a law enforcement officer to make an arrest for a minor misdemeanor offense, authorizing only the issuance of a citation.

Robinson's attempt to bar the officers' entry and his exhortation to others within the apartment to "[g]et rid of the shit" might also be perceived as providing probable cause as to the commission of the offense of obstructing official business in violation of R.C. 2921.31. However, privilege is a defense to a charge of obstructing official business, and an obstruction charge requires proof that the official be obstructed "in the performance of his lawful duties." As we noted above, the Fourth Amendment confers the right to refuse consent to enter. The assertion of that right cannot be a crime. *Middleburg Hts. v. Theiss* (1985), 28 Ohio App.3d 1, 28 OBR 9, 501 N.E.2d 1226. Further, any resolution of the issue of whether the officers' warrantless entry into Robinson's apartment was accomplished "in the performance of [their] lawful duties" does not answer, but merely begs, the question of whether the officers' entry was gained in conformity with the Fourth Amendment.

Our analysis thus compels the conclusion that the officers, as they stood before the door to Robinson's apartment, had no probable cause to effect an arrest for any criminal offense. In the absence of probable cause to arrest, neither the plain-view doctrine by itself nor the plain-view doctrine coupled with the search-incident-to-arrest exception to the warrant requirement provided a justification for the officers' subsequent conduct.

### IV. Exigent Circumstances

Exigent circumstances will permit a deviation from the Fourth Amendment warrant requirement in the presence of probable cause to arrest or to search. *Steagald v. United States* (1981), 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38. The absence of probable cause to arrest limited the authority of Officers Sneed and Ingram to effect a warrantless entry under the exigent-circumstances exception to the warrant requirement. Nonetheless, the facts and circumstances known to the officers as they stood at the door to Robinson's apartment might have provided them with probable cause to search, see *Beck v. Ohio* (1964), 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142, and with a reasonable belief that Robinson was not alone in the apartment and that the loss or destruction of evidence was imminent. See *United States v. Straughter* (C.A.6, 1991), 950 F.2d 1223.

However, the United States Supreme Court has found the exigent circumstance premised upon the imminent destruction of evidence of a minor offense to be insufficient to overcome the presumption of unreasonableness that attaches to a warrantless entry. *Welsh v. Wisconsin* (1984), 466 U.S. 740, 754, 104 S.Ct. 2091, 2100, 80 L.Ed.2d 732, 745–746. The odor of burning marijuana that escaped through the open door provided probable cause only as to the commission of the offense of drug abuse involving the possession of less than one hundred grams. The Ohio General Assembly has classified the offense as a minor misdemeanor, R.C. 2925.11(C)(3), subject only to a fine, R.C. 2929.21(D), and has further provided that an arrest or conviction for the offense "does not constitute a criminal record." R.C. 2925.11(D). The General Assembly has thus classified the offense in question as the most minor offense possible. Therefore, on the authority of *Welsh, supra,* we hold that the exigent circumstance premised upon the imminent destruction of evidence of the offense of minor-misdemeanor drug abuse was insufficient to overcome the presumption of unreasonableness that attached to the officers' warrantless entry into Robinson's apartment. See *Blanchester v. Hester* (1992), 81 Ohio App.3d 815, 612 N.E.2d 412 (holding that exigent circumstances did not justify a warrantless entry to arrest for a minor traffic offense); *State v. Sbarra* (Apr. 10, 1992), Portage App. No. 91–P–2341, unreported, 1992 WL 190173 (holding that exigent circumstances did not justify a warrantless entry to arrest for the nonviolent misdemeanor of fleeing and eluding the police); *State v. Holderman* (Jan. 20, 1992), Ross App. No. 1787, unreported, 1992 WL 10122 (holding that exigent circumstances did not justify a warrantless entry to arrest for fourth-degree-misdemeanor menacing); *State v. Petrosky* (Mar. 27, 1991), Hamilton App. Nos. C–900264, C–900265, unreported, 1991 WL 40550 (holding that the exigent circumstance premised on the need to preserve evidence of intoxication did not justify a warrantless entry when probable cause existed only as to leaving the scene of an accident).

Our decision in *State v. Reilmann* (July 12, 1976), Hamilton App. No. C–75553, unreported, does not compel a contrary result. In *Reilmann,* a pre-*Welsh* decision, we held that the exigent circumstance premised on the imminent destruction of evidence justified a warrantless entry to arrest for the crime of marijuana possession under former R.C. 3719.41. At the time of our decision, a violation of former R.C. 3719.41 carried the penalty of imprisonment for up to one year, thus making possession of less than one hundred grams of marijuana a far more serious offense than it is under R.C. 2925.11. Obviously, because of *Welsh* and the reclassification of the conduct involved here, *Reilmann* is not applicable to the facts of this case.

## V. Conclusions

Upon our determination that the Fourth Amendment was implicated by the warrantless, forcible entry of Officers Sneed and Ingram into Robinson's apart-

ment and that their entry could not be justified under a recognized exception to the Fourth Amendment warrant requirement, we conclude that the officers violated the Fourth Amendment in gaining the vantage point from which the marijuana in Robinson's shoe could be plainly viewed.  Therefore, the plain-view exception to the warrant requirement will not justify the officers' warrantless seizure of the marijuana.

Having thus determined that the officers' warrantless seizure of the marijuana violated the Fourth Amendment, we hold that the trial court properly granted Robinson's motion to suppress.  Accordingly, we overrule the state's sole assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

HILDEBRANDT, P.J., and SHANNON, J., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.