The **STATE** of Ohio, Appellee,

v.

**KESLER**, Appellant.

[Cite as *State v. Kesler* (1996), 111 Ohio App.3d 98.]

Court of Appeals of Ohio,
Third District, Shelby County.

No. 17–95–26.

Decided May 15, 1996.

*James F. Stevenson*, Shelby County Prosecuting Attorney, for appellee.

*Timothy S. Sell,* for appellant.

HADLEY, Presiding Judge.

This appeal is brought by defendant-appellant, David Kesler, from the judgment of the Court of Common Pleas of Shelby County, overruling, in part, appellant's motion to suppress evidence.

At approximately 8:30 p.m. on May 3, 1990, Deputy Jed Fullenkamp and Deputy Mark Henman responded to a disturbance call at an apartment complex in Shelby County. At the direction of a neighbor, the two officers approached appellant's apartment to investigate. As Deputy Henman came up the front steps to the doorway, only a screen door stood between the deputies and appellant. Appellant was sitting on a couch about fifteen feet from the door with a dish on the top of his knees and his hands on top of the dish. Appellant then noticed the officers and put a substance in a coffee table drawer. Deputy Henman said that what he saw was "[w]hat I believed was marijuana." Deputies Henman and Fullenkamp immediately entered the apartment to arrest appellant for possession of marijuana.

Once inside, the officers saw two guns with shells on a chair near appellant. Deputy Henman removed the guns to the kitchen, a safe distance from appellant's reach. After refusing to move from the couch, appellant was forcibly made to stand for a weapons patdown. A scuffle ensued, and both appellant and his wife were subsequently arrested and removed from the apartment.

During the arrest, additional police officers arrived and commenced a thorough search of the remaining rooms in the apartment. Police seized the marijuana from the coffee table drawer and the guns from the kitchen. While searching the bedrooms, police found other items, including evidence of drug cultivation and a police radio.

Appellant was indicted for trafficking in marijuana, in violation of R.C. 2925.03(A)(3), receiving stolen property, in violation of R.C. 2913.51, and having weapons while under a disability, in violation of R.C. 2923.13. Each count constituted a felony of the fourth degree.

On September 14, 1990, appellant filed a motion to suppress all evidence gathered as a result of the May arrest. Appellant argued that the police lacked probable cause to enter the apartment and unlawfully arrested appellant in violation of the Fourth and Fourteenth Amendment of the United States Constitution and Section 14, Article I of the Ohio Constitution.

The trial judge sustained the motion to suppress evidence gathered from the bedrooms but overruled the motion as to the marijuana and guns found in plain

view near appellant. Subsequently, appellant pled no contest to the amended charge of weapons under disability, pursuant to R.C. 2923.13, and was sentenced to one year of imprisonment and a $500 fine.

Appellant now appeals the trial court's judgment, asserting one assignment of error:

## ASSIGNMENT OF ERROR

"The trial court erred, to the substantial prejudice of the defendant-appellant, in overruling his motion to suppress, thus violating his rights under the United States and Ohio Constitutions."

The success of appellant's suppression argument rests on the determination that the initial entrance into appellant's home was unlawful. If the initial entrance was unlawful, the evidence seized as the fruits of the illegal search must be suppressed. Therefore, the issue to be determined is whether Deputies Fullenkamp and Henman could properly enter appellant's apartment without a warrant.

The Fourth Amendment states:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

In *Payton v. New York* (1980), 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639, the United States Supreme Court held that absent probable cause and exigent circumstances, warrantless arrests in the home are prohibited by the Fourth Amendment. Additionally, in *Horton v. California* (1990), 496 U.S. 128, 136, 110 S.Ct. 2301, 2307, 110 L.Ed.2d 112, 122, the Supreme Court pointed out that an officer's discovery of an object in plain view does not exempt the officer from complying with the Fourth Amendment. The officer must have a "lawful right of access" to the discovered object. *Id.* at 137, 110 S.Ct. at 2307, 110 L.Ed.2d at 123. The object, therefore, must be seized pursuant to a warrant or the seizure must be under circumstances that excuse the failure to get the warrant. *Id.* at 138, 110 S.Ct. at 2308, 110 L.Ed.2d at 123. Moreover, the burden is upon those seeking to justify a nonconsensual search without a warrant to show that it is properly done. *McDonald v. United States* (1948), 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153.

With specific regard to the government's interest in making an arrest for a minor offense, the presumption that a warrantless entry of a home is unreason-

able "is difficult to rebut, and the government usually should be allowed to make such arrests only with a warrant issued upon probable cause by a neutral and detached magistrate." *Welsh v. Wisconsin* (1984), 466 U.S. 740, 750, 104 S.Ct. 2091, 2098, 80 L.Ed.2d 732, 743. In that case, the officers entered a home without a warrant to arrest an individual for drunk driving. *Id.* at 743, 104 S.Ct. at 2094, 80 L.Ed.2d at 739.

More recently, the First District Court of Appeals, in *State v. Robinson* (1995), 103 Ohio App.3d 490, 659 N.E.2d 1292, upheld the trial court's suppression of evidence seized by officers upon a warrantless entry into the defendant's home. The police had been investigating complaints regarding activity at the defendant's residence. Two officers went to the residence, and while in the hallway to his apartment, they noticed the odor of burning marijuana. One of the officers knocked at the door and the defendant opened the door. When the defendant saw the officers, he attempted to close it, and a struggle ensued. During this struggle, the officers heard the defendant shout repeatedly, "Get rid of the shit * * *. Police," and saw another individual running from room to room. *Id.* at 493, 659 N.E.2d at 1294. Officers eventually forced the door open and saw a package of marijuana in the defendant's shoe, which had come off during the struggle. The court found that the officers did not violate the Fourth Amendment in attaining their initial vantage point. However, the court held that the progress into the home was unjustified because R.C. 2935.26 limits the power of a law enforcement officer to make an arrest for a minor misdemeanor offense, authorizing only the issuance of a citation. The court also found that any exigent circumstance premised upon the imminent destruction of evidence of a minor misdemeanor, drug abuse offense was insufficient to overcome the presumption of unreasonableness that attached to the warrantless entry into the home.

Similarly, in *State v. Jenkins* (1995), 104 Ohio App.3d 265, 661 N.E.2d 806, an appellate court ruled that the trial court erred in overruling defendant's motion to suppress evidence gained in a warrantless entry and search of defendant's home. Officers had received information that defendant was selling marijuana, and the caller stated that he had smelled the odor of burning marijuana coming from defendant's apartment. The caller also gave the police the license numbers of people currently in the apartment. Upon investigation, the police discovered that the numbers were registered to individuals known to have been convicted of drug offenses. The caller also indicated that he heard one of the occupants state an intention to "weigh this up." *Id.* at 267, 661 N.E.2d at 807.

As a result, the police in *Jenkins* went to the apartment to talk to defendant concerning the allegations and knocked on the door. Defendant peeked through a window and spoke to the officer, who identified himself and asked if he could enter. Defendant refused entry. After observing defendant take some steps, the

officer sensed that defendant was running from the door to destroy drugs. Thus, the officer kicked in the door and found defendant flushing marijuana down the toilet. The court stated that it was not until after the officer knocked on the door and was refused entry that he suspected defendant was running to destroy evidence and that exigent circumstances, if any, arose. Consequently, the court found that the circumstances were the direct result of the officer's actions. The court, therefore, held that the warrantless entry of a home by the law enforcement officers, even based upon probable cause, could not be justified if the exigent circumstances were of the officers' own making.

In the instant case, at approximately 8:30 p.m. on May 3, 1990, the officers were dispatched on a call concerning a disturbance at South Vandemark apartments. Deputy Fullenkamp and Deputy Henman responded and attempted to find the correct address; however, they ended up at an address different from the one to which they were dispatched. They were eventually directed towards appellant's apartment, where they were told there had been an earlier disturbance. No disturbance was apparent at that time.

As they arrived at appellant's apartment, the main solid door was open and only a screen door stood between the deputies and appellant. The deputies saw appellant sitting on the couch in his living room with a dish on the top of his knees and his hands on top of the dish. Deputy Fullenkamp stated that he was unable to see anything on the plate. Deputy Henman said that what he saw was "[w]hat I believed was marijuana." He did not state how he was able to identify marijuana looking fifteen feet away through appellant's screen door. He testified that he could identify marijuana but "can't tell you much about grams" and didn't know what constituted bulk amount. We do not know how a neutral and detached judicial officer would have ruled on the probable cause issue based upon these circumstances. More than likely, from fifteen feet away, the officer had only a reasonable suspicion, amounting to less than probable cause, to believe the substance was marijuana.

Furthermore, there was testimony that none of the substance identified as marijuana was in the process of being destroyed and there was no reason why the officers could not have secured the premises and obtained a search warrant to search at a later time. Deputy Henman testified, when asked why he didn't first knock on the door and make further inquiry:

"I believe at that time, sir, that there was a plain view violation at that time and that's the reason I based my entry on."

In other words, the officers, believing what they saw to be marijuana, without giving any further thought to the requirements of the Fourth Amendment and without knocking or announcing, grabbed the door and walked inside appellant's

apartment. There was no pending danger of injury to anyone, there was no immediate danger of destruction of contraband, and there was no evidence of flight. Thus, there was no compelling reason to justify the failure of law enforcement officers to place the matter before a detached and neutral judicial officer who could properly assess whether the officers had probable cause to obtain a valid warrant prior to entering appellant's home and searching and arresting him for what amounted to a minor misdemeanor offense.

Thus, after carefully weighing the critical safeguard of individual privacy set forth in the Fourth Amendment against the need for effective law enforcement tools, there is no question in the instant case that the constitutional privacy considerations must prevail. In other words, we do not think that the facts of this case are sufficient to justify the warrantless intrusion into appellant's home.

We find, therefore, that the assignment of error is well taken and the motion to suppress should have been granted. The judgment of conviction is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, J., concurs.

EVANS, J., dissents.

EVANS, Judge, dissenting.

In *Payton v. New York* (1980), 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639, the United States Supreme Court held that absent probable cause and exigent circumstances, warrantless arrests in the home are prohibited by the Fourth Amendment.

Unlike the majority, I believe the facts as testified to in this case show that probable cause and exigent circumstances existed at the time the officers entered appellant's apartment, and, therefore, I respectfully dissent.

At the hearing on the motion to suppress, Deputy Henman testified that he and Deputy Fullenkamp were lawfully investigating a disturbance call at the time they came to appellant's door. Deputy Henman stated he could see appellant through the screen door sitting with a plate and plastic bag of marijuana on his knees, rolling a marijuana cigarette. After making eye contact with the officers, appellant quickly shoved the contraband into the drawer of the coffee table. The possession of marijuana being a crime, I believe the officers had probable cause to arrest.

Furthermore, the exigency of the situation in this case is apparent since appellant had obviously become aware of the officers presence when he attempted

to conceal his illegal activity. Had the officers tried to secure a warrant at this point, appellant, in the meantime, surely would have destroyed all evidence of his crime. Therefore, I find the existence of probable cause and exigent circumstances sanctioned the officers warrantless entry and arrest of appellant in his home.

The situation in which Deputy Henman found himself, standing on appellant's steps, viewing an illegal substance, invokes the plain view doctrine. The warrantless seizure of items in plain view does not violate the Fourth Amendment if it is shown that "(1) the initial intrusion which afforded the authorities the plain view was lawful; (2) the discovery of the evidence was inadvertent; and (3) the incriminating nature of the evidence was immediately apparent to the seizing authorities." *State v. Williams* (1978), 55 Ohio St.2d 82, 9 O.O.3d 81, 377 N.E.2d 1013, paragraph one of the syllabus.

In this case, both the marijuana and the weapons were in the plain view of the officers and subject to warrantless seizure. As the officers lawfully stood at appellant's doorway, Deputy Henman testified, he saw the marijuana in plain view, and later, after lawfully entering the house to arrest appellant, the officers observed the guns in plain view in a chair near appellant. Both discoveries were inadvertent. Furthermore, marijuana, by the very fact that it is contraband, subjecting its possessor to criminal liability, is inherently incriminating. The illegal nature of appellant's act was immediately known to the officers when they proceeded into the house. As for the incriminating nature of the weapons, the record is unclear at what point the officers learned that appellant was under a disability. It is the duty of appellant to demonstrate on the record the error in the trial court. Since the record does not disclose when the officers became aware of appellant's disability and thus would have been aware of the illegal nature of the guns, I am unable to find error on the part of the trial court in refusing to suppress this evidence.

Appellant argues that because of the small amount of marijuana actually seized by police, appellant's possession constituted a minor misdemeanor, subjecting appellant only to a citation and not an arrest. Therefore, appellant contends, and the majority agrees, the officers were not justified in entering appellant's home. Appellant cites *Middleburg Hts. v. Theiss* (1985), 28 Ohio App.3d 1, 28 OBR 9, 501 N.E.2d 1226, and implies that since the offense was only a minor misdemeanor, the officers were unjustified in entering the home without a warrant.

I am not persuaded by this argument. The fact that the amount appellant possessed did not, in the end, measure over one hundred grams and subjected appellant only to a fine is twenty-twenty hindsight. An officer confronted with a person possessing an illegal substance must make split-second decisions and cannot, nor should the officer be required to, make scientifically accurate deter-

minations concerning weight in grams before proceeding to arrest the offender. The final charge levied against a defendant should not be dispositive of whether probable cause existed to warrant the initial arrest. Rather, I agree with the sentiments of the trial judge in this case, who aptly stated:

"The Court does not feel that the officer, when confronted with seeing an individual in possession of an alleged illegal substance must also be required to make the determination at that point in time whether the amount of the illegal substance would constitute a minor misdemeanor or for that matter a felony. The important question is whether the officers had sufficient justification, based on their observation to enter the premise, to make an inquiry and if necessary to arrest the Defendant."

Furthermore, while the *Middleburg* case cited by appellant involved illegal intrusion by police officers into a home to make an arrest for disorderly conduct, the finding in that case was not based on the fact that the crime was merely a misdemeanor. Rather, the analysis used by the court was consistent with the requirements set out in *Payton*. In *Middleburg*, and in the cases cited therein, the courts found no exigent circumstances existed to excuse the warrant requirement. As I have already concluded, exigent circumstances did exist in this case.

Because of important factual differences, the cases cited by the majority are also distinguishable. In *State v. Robinson* (1995), 103 Ohio App.3d 490, 659 N.E.2d 1292, plainclothes police officers pushed their way into the defendant's apartment simply because they smelled marijuana, which without more, is only probable cause of a minor misdemeanor of possession. This is different from the instant case, in which the illegal substance was in the plain view of officers and it was unclear whether the offense would constitute a minor misdemeanor or something more serious. Furthermore, the court in *Robinson* failed to find exigent circumstances in cases involving the destruction of evidence of minor offenses; however, in the instant case, at the time the officers entered the apartment, it could not be said with any certainty that the destruction would only involve evidence of a minor misdemeanor. Again, hindsight in this case confirms that the gram weight of the contraband warranted only a citation and not an arrest, yet these facts may not have been readily apparent from the officer's brief view of the contraband. Appellant's furtive movement to conceal the marijuana after he realized police officers were watching him created exigent circumstances, in that had the officers left the apartment to get a warrant, the evidence would have been destroyed.

In *State v. Jenkins* (1995), 104 Ohio App.3d 265, 661 N.E.2d 806, the officer's probable cause to make a warrantless entry was even more tenuous than that in *Robinson* and equally distinguishable from the present case. In *Jenkins*, the officer approached the defendant's apartment door after gathering information

from an informant concerning the alleged use and sale of drugs at that address. The officer knocked on the door and identified himself as a police officer, but the defendant refused to let him in. The officer stated he believed the defendant had something to hide, as he saw the defendant running away from the door inside the apartment. Suspecting that the defendant was going to destroy drugs, the officer kicked in the door. The court found this entrance to violate the Fourth Amendment. However, unlike this entrance, the officers in the present case entered only after witnessing a crime in plain view, as detailed previously.

Moreover, assuming the officer in *Jenkins* had adequate probable cause, the *Jenkins* court found that no exigent circumstances existed to justify a warrantless entry, because the officer could have attempted to secure a warrant based on the information supplied by the informant. Instead, by attempting to get consent to enter the apartment without a warrant, the officer alarmed the defendant and created the exigent situation he later used to try justify his warrantless entry. In the present case, Deputies Henman and Fullenkamp did not create the exigent situation. They were on a routine disturbance call and had no reason to know they would stumble upon a crime in progress. Unlike *Jenkins*, prior to viewing the illegal substance in appellant's possession, there existed no probable cause for the officers to use as a basis for a warrant in this case.

I find the instant case analogous to *State v. Taylor* (1978), 61 Ohio App.2d 209, 15 O.O.3d 323, 401 N.E.2d 459. In *Taylor*, two police officers standing on an apartment walkway witnessed two men through an apartment window inspecting a bagged brown substance the officers suspected to be marijuana. After knocking on the apartment door, the officers saw the furtive movements of the men inside the apartment as they gathered the bags of marijuana and moved to exit through the back door. One defendant was apprehended outside the residence while police entered the back door of the apartment to arrest the other defendant and seize the marijuana found in plain view. The court in *Taylor* held that the arresting officers were justified in entering the house to arrest the second defendant and in seizing any contraband in plain view. Furthermore, the court found that the seizure of the evidence was proper as incident to the lawful arrests.

For the foregoing reasons, I depart from the analysis and conclusion of the majority and find that there was probable cause and exigent circumstance to justify the warrantless entry and seizure of marijuana and weapons in this case.