OPINION
Defendant-appellant Frederick J. Barbee appeals the denial by the Alliance Municipal Court, Alliance, Ohio, of defendant-appellant's Motion to Suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
The facts, as found by the trial court after the suppression hearing, are as follows: On March 18, 2000, at 1:00 P.M., Officer Welsh, an Alliance City Police Officer, responded to 841 E. Cambridge, Alliance, Ohio, regarding complaints about pit bull dogs being kept at the residence improperly. The residents of the home were defendant-appellant Frederick Barbee [hereinafter appellant] , Andre Smith and Kacey Edwards. Officer Welsh first spoke with appellant while Welsh and appellant were outside of the residence. Appellant went into the house to get Edwards, who had insurance papers indicating that Smith was the owner of the dogs in question. Subsequently, Edwards instructed Officer Welsh to wait outside of the home while she got Smith. When Smith returned, he invited Welsh into the home, but instructed Welsh to wait on the rug in front of the doorway. At that point, appellant went upstairs. When appellant returned, Welsh smelled "a really strong odor of marijuana coming from upstairs." Then, Smith went upstairs to look for additional insurance papers regarding the dogs. When he returned, Smith admitted to having more dogs in the basement and in the side room. Once again, Welsh smelled a really strong odor of marijuana. At that point, Lieutenant Wayt and Patrolman Weyer of the Alliance Police Department arrived. Initially, all residents denied the presence of marijuana. At that time, Welsh and Weyer went upstairs. Smith and Edwards got a pit bull dog out of the bedroom and put it in the bathroom. Smith brought a bag of marijuana out of the bedroom and gave it to the police. The police also found more bags, some packaged for resale, and drug paraphernalia in their search. Edwards admitted they were just college kids who liked to get high, but she was not going to grant Welsh permission to look for marijuana. Therefore, Welsh followed his senses and searched anyway in Edwards' and Smith's bedroom and bathroom. After recovering several bags of marijuana in the bedroom and bathroom, the officer noticed the smell of marijuana coming from appellant's bedroom as well. Once inside appellant's bedroom, appellant told police they could look around. Welsh proceeded to find a pair of hemostats, commonly used as a roach clip, in appellant's left dresser drawer. Subsequently, appellant was charged with one count of use of or possession of drug paraphernalia, based on the hemostats, in violation of C.O.D. 513.12, a misdemeanor of the fourth degree. Appellant was arraigned on March 20, 2000, and entered a plea of not guilty. Thereafter, on April 7, 2000, appellant filed a Motion to Dismiss and/or Suppress. A hearing on the Motion was held on May 5, 2000. The trial court denied appellant's Motion by Judgment Entry, filed June 16, 2000. On June 16, 2000, appellant entered a plea of no contest and was sentenced to 30 days of incarceration of which 27 of those days were suspended. In addition, appellant was fined $250.00 and ordered to attend counseling. It is from the trial court's June 16, 2000, Judgment Entry that appellant prosecutes this appeal, raising the following assignment of error:
 THE TRIAL COURT'S DENIAL OF THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS WAS IN ERROR OF LAW.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982)1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger (1993) 86 Ohio App.3d 592 . Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, State v. Claytor (1993), 85 Ohio App.3d 623, 627, and State v. Guysinger (1993),86 Ohio App.3d 592 . As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." I Appellant, in his sole assignment of error, challenges the trial court's denial of appellant's Motion to Suppress. Appellant specifically contends that the officers violated appellant's constitutional right to be free of an unreasonable search and seizure when the officers searched his room, including his dresser drawer. Appellant asserts that the search was without voluntary consent, and without a warrant, in a situation in which there was no probable cause and none of the exceptions to the warrant requirement were applicable. Appellant submits that the search by the officers violated theFourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution. We agree. The Fourth Amendment to the United States Constitution provides, in relevant part, that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, . . ." Section 14, Article I of the Ohio Constitution also guarantees the right of the people to be free from unreasonable searches and seizures. Accordingly, the government is prohibited from subjecting individuals to unreasonable searches and seizures. Delaware v. Prouse (1979), 440 U.S. 648. The burden is upon the State to justify a non-consensual search without a warrant to show that it was properly conducted. State v. Kesler (1996), 111 Ohio App.3d 98,100 (citing McDonald v. United States (1948), 335 U.S. 451). We further note that one's home carries a high expectation of privacy. In the absence of a warrant or consent, the entrance of a police officer into a private home is presumptively unreasonable, and thus in violation of theFourth Amendment. United States v. Rohrig (C.A. 6, 1996), 98 F.3d 1506,1515; Payton v. New York (1980), 445 U.S. 573, 586. The presumption that a warrantless search and seizure in a person's home is unreasonable is difficult to rebut when the offense involved is minor. See Welsh v. Wisconsin (1984), 466 U.S. 740, 750. Should a search or seizure be found to be unreasonable, the evidence derived from the unreasonable search or seizure is subject to exclusion. Mapp v. Ohio (1961), 367 U.S. 643. The Ohio Supreme Court has recently addressed the two-step analysis to be applied to determine whether a warrantless search and seizure was reasonable: For a search or seizure to be reasonable under theFourth Amendment, it must be based upon probable cause and executed pursuant to a warrant. Katz v. United States (1967), 389 U.S. 347, 357,88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585; State v. Brown (1992), 63 Ohio St.3d 349,350, 588 N.E.2d 113, 114. This requires a two-step analysis. First, there must be probable cause. If probable cause exists, then a search warrant must be obtained unless an exception to the warrant requirement applies. If the state fails to satisfy either step, the evidence seized in the unreasonable search must be suppressed. Mapp v. Ohio (1961), 367 U.S. 643,81 S.Ct. 1684, 6 L.Ed.2d 1081; AL Post 763 v. Ohio Liquor Control Comm. (1998), 82 Ohio St.3d 108, 111, 694 N.E.2d 905, 908.
State v. Moore (2000), 90 Ohio St.3d 47, 49. In considering the facts of the case sub judice, we note that the appellant has failed to provide this court with a transcript of the proceedings at the suppression hearing. It is appellant's duty to provide a transcript. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp,61 Ohio St.2d at 197. Therefore, we must accept the facts as found by the trial court. State v. Gardner (1993), 88 Ohio App.3d 354, 357, fn 2. The judgment of the trial court must stand unless the errors alleged on appeal are apparent on the face of the Judgment Entry. State v. Render (1975), 43 Ohio St.2d 17, 21. Our analysis must begin with a determination of whether the officers involved had probable cause. Based upon the facts, as found by the trial court, we find that the officers had probable cause, pursuant to the "plain smell" doctrine. The Ohio Supreme Court has held: "[t]he smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search." State v. Moore (2000), 90 Ohio St.3d 47, syllabus. The trial court found that the Alliance City Police Officer smelled "a really strong odor of marijuana." Therefore, we find that the Officer had probable cause based upon the smell of marijuana. However, probable cause alone is not enough to justify a warrantless search. We must next consider whether the trial court erred when it found that an exception to the warrant requirement was applicable to these circumstances. The trial court seemed to base the decision to deny appellant's Motion to Suppress on an analogy of the "plain view" doctrine to the "plain smell" doctrine. Pursuant to the holding in U.S. v. Taylor (1983), 716 F.2d 701
and U.S. v. Hersh (1972), 464 F.2d 228, that a law enforcement officer's observation of activities or things that are in plain view, where he has a right to be, does not constitute a search under the Fourth Amendment, the trial court found that "Defendant Barbee arguably voluntarily exposed the smell of marijuana to the officer, and as a result lost his expectation of privacy." The trial court concluded that the Officer was invited to stand inside the home and from there he could smell marijuana. The smell of marijuana thereby justified the search of the residence. We disagree with the reasoning of the trial court. In State v. Moore, supra, the Ohio Supreme Court found that the smell of marijuana constituted probable cause but found that the subsequent search of an automobile and of the driver without a warrant required that there also be an applicable exception to the warrant requirement. While Moore did not specifically address whether the "plain view" doctrine could be extended to include the use of one's sense of smell, the Court did not hold that the smell of marijuana operated as both probable cause and exception to the warrant requirement. In Moore, the Court found that once probable cause was established by the smell of marijuana, the subsequent search of the automobile was justified pursuant to the "automobile exception" to the warrant requirement and that the search of the person was justified by the "exigent circumstances" exception. We are unpersuaded by the trial court's reasoning in its Judgment Entry and by the cases cited in support of its reasoning by analogy. We decline to extend the "plain view" exception to the warrant requirement to include the use of one's sense of smell to detect marijuana to justify the extensive search of one's home. We note that our decision is supported by the United States Supreme Court's decisions in Johnson v. U.S. (1948),333 U.S. 10, and Taylor v. U.S. (1932), 286 U.S. 1, which held that the presence of odors alone do not authorize a search without a warrant. The trial court found that one of the reasons that the Officers went upstairs in the home was "to keep the marijuana from being flushed or discarded." This leads to a consideration as to whether the Officers' warrantless search was valid under the "exigent circumstances" exception to the warrant requirement. Generally, under the exigent circumstances exception, there must be "compelling reasons" or "exceptional circumstances" to justify a warrantless search. Moore, 90 Ohio St.3d 47,52 (citing McDonald v. United States (1948), 335 U.S. 451, 454). As relevant to the facts in the case sub judice, a "warrantless search is also justified if there is imminent danger that evidence will be lost or destroyed if a search is not immediately conducted." Id. (citing Cupp v. Murphy (1973), 412 U.S. 291, 294-296). There is no indication that any marijuana or other evidence was being destroyed. There is no reason why, under the factual situation as found by the trial court, that the three officers could not have secured the area and obtained a search warrant to search at a later time. The trial court's facts do not demonstrate any pending danger of injury to anyone, nor imminent danger of the destruction of evidence nor evidence of flight. See State v. Kesler (1996),111 Ohio App.3d 98, 103, 675 N.E.2d 875. We do not feel that the facts of this case justify the warrantless intrusion into appellant's privacy pursuant to the exigent circumstances exception. Lastly, we will consider the trial court's finding that appellant consented to the search when, after the police entered appellant's bedroom, appellant "told police they could look around". It is well settled that a warrantless search or seizure does not violate the Fourth Amendment if performed with the voluntary consent of the person whose privacy rights are at issue. Schneckloth v. Bustamonte (1973), 412 U.S. 218, 219. A consent following a claim of authority is not voluntarily given but merely an acquiescence and an acknowledgment of authority. Bumper v. North Carolina (1968),391 U.S. 543. A reviewing court is to consider the totality of the circumstances in determining whether a consent was voluntary or a submission to authority. Schneckloth v. Bustamonte, supra. The State bears the burden of proving consent was voluntary by clear and convincing evidence. Id., at 222 (citing Bumper v. North Carolina, 391 U.S. 543,548; United States v. Mendenhall (1980), 446 U.S. 544, 557) and State v. Hall (Dec. 14, 2000), Tuscarawas App. No. 2000 AP 030026, unreported. (While some Ohio courts apply a preponderance of the evidence burden of proof, this court has previously adopted the clear and convincing standard.) In U.S. v. Phillips (1981), 664 F.2d 971, 5th Cir. at 1023, the court stated as follows: Among the factors considered in evaluating whether a defendant's consent was in fact voluntary — none of which is a controlling factor — are voluntariness of the defendant's custodial status, the presence of coercive police procedure, the extent and level of the defendant's cooperation with police, the defendant's awareness of his right to refuse to consent to the search, the defendant's education and intelligence, and, significantly, the defendant's belief that no incriminating evidence will be found. Under the totality of circumstances, we hold that the facts as found by the trial court fail to demonstrate that appellant's consent was voluntary. First, we note that three officers were present during the search. While one officer initially went to the home, two other officers arrived prior to the search being conducted. Further, Edwards had previously refused to grant the officers consent to search. However, the officers ignored the refusal of consent and searched Edwards' and Smith's bedroom and bathroom anyway. Edwards' refusal to grant consent had no effect on the officers. Further, the trial court's findings indicate that the officers were already in appellant's bedroom when he stated the officers "could look around." We find that appellant's statement, made after the officers had disregarded another resident's refusal of consent and made after the officers had entered his bedroom, was not a statement of voluntary consent but a submission to authority. We see no reason, under these circumstances, for appellant to have believed that he had a right to object to the search. In sum, upon review of the facts as found by the trial court, we find that the officers were not justified in conducting the search of appellant's bedroom without a warrant. Therefore, we find that the trial court erred as a matter of law when it denied appellant's Motion to Suppress.
Appellant's sole assignment of error is sustained.
The Judgment of the Alliance Municipal Court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.
By Edwards, J. Farmer, P.J. and Reader, V.J. concurs