OPINION
On April 22, 2000, appellant was arrested and charged with Possession of Marijuana and Possession of Drug Paraphernalia.
Appellant pled not guilty to said charges.
On June 6, 2000, Appellant filed a Motion to Suppress.
On December 22, 2000, an oral hearing was held on Appellant's Motion to Suppress.
At the conclusion of said oral hearing, the trial court orally overruled Appellant's motion.
Appellant changed his former plea of not guilty to the charge of possession of marijuana to a plea of no contest.
The charge of possession of drug paraphernalia was dismissed upon motion by the State of Ohio.
On January 18, 2001, Appellant filed the instant appeal, assigning the following error:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS
Appellant claims that the trial court erred in not sustaining his motion to suppress. We disagree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See, State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, State v. Williams (1993),86 Ohio App.3d 37, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93, 96, State v. Claytor (1993), 85 Ohio App.3d 623,627, and Guysinger, supra. It is based on this standard that we review appellant's sole assignment of error.
In the case sub judice, the issue on appeal is whether the trial court correctly decided the ultimate issue raised in appellee's motion to suppress. Therefore, we must independently determine whether the facts of this case warranted a search of appellant.
Appellant essentially challenges the trial court's conclusion that the smell of burnt marijuana, in this situation was sufficient to justify the police officer's search of the Appellant.
The Fourth Amendment to the United States Constitution provides, in relevant part, that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, . . ." Section 14, Article I of the Ohio Constitution also guarantees the right of the people to be free from unreasonable searches and seizures. Accordingly, the government is prohibited from subjecting individuals to unreasonable searches and seizures. Delaware v. Prouse
(1979), 440 U.S. 648.
The burden is upon the State to justify a non-consensual search without a warrant to show that it was properly conducted. State v. Kesler
(1996), 111 Ohio App.3d 98, 100 (citing McDonald v. United States
(1948), 335 U.S. 451).
Should a search or seizure be found to be unreasonable, the evidence derived from the unreasonable search or seizure is subject to exclusion.Mapp v. Ohio (1961), 367 U.S. 643.*3 The Ohio Supreme Court has recently addressed the two-step analysis to be applied to determine whether a warrantless search and seizure was reasonable: For a search or seizure to be reasonable under the Fourth Amendment, it must be based upon probable cause and executed pursuant to a warrant. Katz v. United States (1967),389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585; State v.Brown (1992), 63 Ohio St.3d 349, 350, 588 N.E.2d 113, 114. This requires a two-step analysis. First, there must be probable cause. If probable cause exists, then a search warrant must be obtained unless an exception to the warrant requirement applies. If the state fails to satisfy either step, the evidence seized in the unreasonable search must be suppressed.Mapp v. Ohio (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; AL Post763 v. Ohio Liquor Control Comm. (1998), 82 Ohio St.3d 108, 111,694 N.E.2d 905, 908. State v. Moore (2000), 90 Ohio St.3d 47, 49.
Our analysis must begin with a determination of whether the trooper involved had probable cause. Based upon the facts, as found by the trial court, we find that the officer had probable cause, pursuant to the "plain smell" doctrine. The Ohio Supreme Court has held: "[t]he smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search." State v.Moore (2000), 90 Ohio St.3d 47, syllabus.
At the suppression hearing, Trooper Riebesel testified that as she approached Appellant's vehicle, she smelled "a strong odor of burnt marijuana" coming from the open window of said vehicle. (T. at 5, 14). She further testified that her face was "about 16 inches" from the driver's side window, next to the Appellant. (T. at 7.) She also testified that the weather on that day was clement. (T. at 7).
Appellant argues that Trooper Riebesel was not a "person qualified to recognize the odor" of marijuana. (Appellant's Brief at 3).
Trooper Riebesel testified that she underwent a thirty hours of training at the academy as to search and seizure and the detection of marijuana (T. at 6, 10) in addition to more than ten on the job encounters. (T. at 6-7, 11).
We therefore find that the trial court did not err in finding that Trooper Riebesel had probable cause in the case sub judice. (T. at 23).
However, probable cause alone is not enough to justify a warrantless search. We must next consider whether the exception to the warrant requirement was applicable to these circumstances.
In State v. Moore, supra, the Ohio Supreme Court found that the smell of marijuana constituted probable cause but found that the subsequent search of an automobile and of the driver without a warrant required that there also be an applicable exception to the warrant requirement. InMoore, the Court found that once probable cause was established by the smell of marijuana, the subsequent search of the automobile was justified pursuant to the "automobile exception" to the warrant requirement and that the search of the person was justified by the "exigent circumstances".
While conceding that pursuant to Moore, supra, that Trooper Riebesel would have had the authority to search Appellant if he had been the sole occupant of the vehicle at the time of the stop, Appellant argues that Trooper Riebesel was required to articulate an individualized suspicion in this case because a passenger was present in the vehicle. (Appellant's brief at 5).
As stated earlier, Appellant was the owner and operator of the vehicle at the time of the traffic stop. Upon approaching Appellant's vehicle, Trooper Riebesel was only approximately 16 inches from the Appellant when she smelled the odor of burnt marijuana emanating from Appellant and/or Appellant's vehicle.
As relevant to the facts in the case sub judice, a "warrantless search is also justified if there is imminent danger that evidence will be lost or destroyed if a search is not immediately conducted." Id. (citing Cuppv. Murphy (1973), 412 U.S. 291, 294-296).
Under Moore, supra, we find that Trooper Riebesel had sufficient individualized suspicion based on the odor of burnt marijuana emanating from Appellant's vehicle and was therefore justified in searching Appellant and his vehicle to preserve evidence as "marijuana and narcotics are easily and quickly hidden or destroyed." Id.
In sum, upon review of the facts as found by the trial court, we find that the Trooper was justified in conducting the search of Appellant without a warrant. Therefore, we find that the trial court did not err as a matter of law when it denied appellant's Motion to Suppress.
Appellant's sole assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court, Fairfield County, Ohio is affirmed. Costs to Appellant.
Hon. John F. Boggins, J. and Hon. W. Scott Gwin, P.J. Concur. Hon. William B. Hoffman, J. Dissents.