{¶ 15} I respectfully dissent from the majority's decision, as I do not agree that the State proved every element of the case. According to the explicit language of the statute, Mr. Holmes may overcome a charge of obstructing official business if he was acting under a "privilege to do so." See R.C. 2921.31(A). This Court has previously considered these "foot-in-the-door" situations and upheld a citizen's privilege to resist such an intrusion.
 {¶ 16} The Fourth Amendment to the United States Constitution confers the right to refuse consent to enter a residence, and the assertion of that right cannot be a crime. State v. Robinson (1995),103 Ohio App.3d 490, 496 (characterizing the right to resist an unlawful entry as a privilege sufficient to defeat obstruction charge). See, also, Ohio Const. Section 14, Article I. In the present case, the police officers admittedly forced the entry into the home, without justification of either a warrant or any exigent circumstance. Facially, this is an unlawful entry giving rise to a privilege to resist such an entry.
 {¶ 17} Similarly, because the Ohio statute does not prohibit resisting an unlawful arrest under such circumstances, it follows that it will not per se prohibit resisting an unlawful entry. Elyria v. Tress (1991),73 Ohio App.3d 5, 9 (reversing conviction for resisting arrest when police forced entry through defendant's door). See, also, State v.Cummings, 9th Dist. No. 20609, at *13-14, 2002-Ohio-213 (affirming the suppression of evidence obtained after a similar forced entry). Therefore, if we are to follow our prior holdings, we must conclude that the State failed to prove beyond a reasonable doubt a necessary element of the crime of which Mr. Holmes was convicted, i.e., lawfulness of the officer's entry and absence of privilege. See In re Winship (1970),397 U.S. 358, 364, 25 L.Ed.2d 368.