**The STATE of Ohio, Appellee,**

v.

**ROJAS, Appellant.**

[Cite as *State v. Rojas* (1993), 92 Ohio App.3d 336.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 64345.

Decided Dec. 27, 1993.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Laurence R. Snyder,* Assistant Prosecuting Attorney, for appellee.

*Hyman Friedman,* Cuyahoga County Public Defender, and *Donald Green,* Assistant Public Defender, for appellant.

SPELLACY, Presiding Judge.

Freddy Rojas appeals his conviction for drug trafficking, in violation of R.C. 2925.03, and raises the following assignment of error:

"The trial court erred in overruling the appellant's motion to suppress evidence."

I

The following pertinent facts were adduced at Rojas's suppression hearing:

On January 18, 1991, two narcotics detectives at Cleveland Hopkins International Airport became suspicious when they observed Rojas, appearing nervous and inappropriately dressed for winter weather, arrive on a flight from a "source city," Fort Lauderdale, Florida.

After watching several other flights disembark, the detectives went to the baggage claim area, where they noticed a man and woman who had not arrived on a flight and did not seem to be waiting for anyone. When Rojas claimed a suitcase, the man and woman began walking toward the parking lot. Rojas followed fifteen to twenty feet behind the couple without speaking to them. At the parking lot, Rojas walked down the row of cars adjacent to the row the couple walked down.

When the couple reached their car, they opened the trunk and got into the front seats. Rojas then began walking toward the car. He stopped when he saw the detectives, who were in plain clothes, and began scanning the area as if looking for a car. After the detectives walked past, Rojas quickly moved to the rear of the car and placed his suitcase in the open trunk.

At this point, the detectives approached the couple and Rojas. The man, Haber Vasquez, who was married to the woman, Angela Vasquez, stated that Rojas was a friend whom he did not know very well. Angela stated that Rojas was her brother.

After Rojas refused to allow the detectives to search his suitcase, he accompanied them to a police office within the airport. There, a police dog indicated that Rojas's suitcase contained drugs. While the detectives were speaking with a prosecutor over the telephone and requesting a search warrant, Rojas unlocked the suitcase and indicated verbally and with a gesture that the detectives could search it.

When one of the detectives found two sealed envelopes, Rojas protested, stating that they did not have his consent to search the envelopes. After further discussion with the prosecutor, the detectives opened the envelopes and found cocaine.

## II

In his assignment of error, Rojas contends the trial court erred when it denied his motion to suppress the cocaine.

Rojas argues he was unlawfully seized and the envelopes were unlawfully searched. Although we find the seizure, if any, of Rojas lawful, we find the search of the envelopes improper. Consequently, we find that Rojas's assignment of error has merit.

## A

Rojas argues that he was seized in the parking lot and that the seizure was unlawful because the detectives lacked the necessary basis for making an investigative stop. Finding that an investigative stop would have been proper, we find it unnecessary to determine whether Rojas was actually seized.

"An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez* (1981), 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 628. This requirement is satisfied when the police have a reasonable and articulable suspicion that the person seized is engaged in criminal activity. *Reid*

*v. Georgia* (1980), 448 U.S. 438, 440, 100 S.Ct. 2752, 2753–2754, 65 L.Ed.2d 890, 892–895. In evaluating the validity of an investigative stop, the totality of the circumstances is considered. *United States v. Sokolow* (1989), 490 U.S. 1, 8, 109 S.Ct. 1581, 1585–1586, 104 L.Ed.2d 1, 9–12.

■ Based on a review of the totality of the circumstances, we find that the detectives had a reasonable and articulable suspicion that Rojas was engaged in criminal activity. In addition to Rojas's arriving from a source city, appearing nervous, and dressing inappropriately for winter weather, the detectives were confronted with Rojas's strange behavior in not acknowledging the Vasquezes, his attempting to throw off suspicion by pretending to look for a different car, his furtive movements in placing his suitcase in the trunk, and the discrepancy over whether Rojas was the Vasquezes' friend or a relative.

### B

■ Rojas also argues that he did not consent to the search of his suitcase or the envelopes. Finding the search of the envelopes improper, we find it unnecessary to determine whether Rojas consented to the search of his suitcase.

■ "A suspect may * * * delimit as he chooses the scope of the search to which he consents." *Florida v. Jimeno* (1991), 500 U.S. 248, 252, 111 S.Ct. 1801, 1804, 114 L.Ed.2d 297, 303. The prevailing rule is that a suspect may revoke or limit his consent even after the search has begun. *People v. Powell* (1993), 199 Mich.App. 492, 502 N.W.2d 353, 356; *State v. Myer* (Iowa 1989), 441 N.W.2d 762, 765; *Mason v. Pulliam* (C.A.5, 1977), 557 F.2d 426, 429; *United States v. Milian–Rodriguez* (C.A.11, 1985), 759 F.2d 1558, 1563; see, also, 3 LaFave, Search and Seizure (2 Ed.1987) 172–174, Section 8.1(C); Katz, Ohio Arrest, Search and Seizure (3 Ed.1992) 274, Section 16.04.

The only Ohio case addressing this issue stated, without citation or analysis, that "when voluntary consent is given, it may not be countermanded during the search." *State v. Lett* (1961), 114 Ohio App. 414, 421, 19 O.O.2d 421, 425, 178 N.E.2d 96, 101.

We reject *Lett* and follow the prevailing rule. We find, therefore, that the trial court erred when it found the search of the envelopes valid.

Accordingly, Rojas's assignment of error is well taken.

*Judgment reversed*
*and cause remanded.*

MATIA, J., concurs.

HARPER, J., concurs in judgment only.