The STATE of Ohio, Appellee,

v.

MACK, Appellant.

[Cite as *State v. Mack* (1997), 118 Ohio St.3d 516.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–96–004.

Decided Feb. 28, 1997.

*John E. Meyers*, Sandusky County Prosecuting Attorney, and *Ronald J. Mayle*, Assistant Prosecuting Attorney, for appellee.

*David A. Dorobek*, for appellant.

GREY, Judge.

This is an appeal from the Sandusky County Court of Common Pleas. After a denial of his motion to suppress, defendant-appellant Sheridan Mack entered a no contest plea to a charge of drug abuse. He was found guilty, sentenced to an eighteen-month suspended sentence, and took this appeal designating one assignment of error.

"The trial court committed error prejudicial to the Defendant Appellant when it denied his motion to suppress the evidence since the evidence was seized in an unconstitutional, warrantless search and seizure of his personal possessions, which was not supported by reasonable suspicion, exigent circumstances, or valid consent."

As part of this assignment of error, appellant raises three issues: first, that this was a warrantless unreasonable search not incident to an arrest; second, that the officer's claim that he smelled the odor of burnt marijuana without more is insufficient, standing alone, to justify a warrantless search; and third, that defendant was tricked or coerced into consenting.

We begin by noting parenthetically that this case was before this court on a previous occasion. In the prior case, the trial court had overruled the motion to suppress on the grounds that Mack had no standing to object to the search of the

vehicle because his name was not on the rental agreement. This court reversed, and on remand the trial court again upheld the search relying on *Florida v. Jimeno* (1991), 500 U.S. 248, 251, 111 S.Ct. 1801, 1803–1804, 114 L.Ed.2d 297, 302.

The facts in this case are not disputed. Mack was stopped for speeding by Ohio State Trooper Meyers. Mack was in a rental car rented in another person's name. Meyers testified that he could smell the odor of burnt marijuana, but the other officer who accompanied Meyer could not. Mack was asked to get out of his car, and the officers questioned him about his marijuana use. He admitted having once been charged on a marijuana violation but denied smoking in the car. Officer Meyers asked him if he had any marijuana, and he said no. Meyers testified that Mack then said, "Search the vehicle, search the ashtray."

Mack was put in the patrol car and Meyers searched the car. On the seat there was a fanny pack, which Meyers opened. In the fanny pack there was brown pouch. Meyers opened the pouch and found a small amount of cocaine and Mack was charged with drug abuse.

*Jimeno*, which was relied on by the trial court, has been cited in several Ohio cases. The issue in *Jimeno* was whether the suspect's general consent to a search of his car included a consent to examine a paper bag lying on the floor of his car. The Supreme Court framed the issue as being whether it was reasonable for the officer to consider the suspect's general consent to a search of his car as including consent to examine a paper bag lying on the floor of the car. The court determined that examination of the paper bag on the floor of the car was within the scope of the suspect's general consent to a search of his car. This same objective reasonableness test has been applied in the Ohio cases.

In *State v. Patterson* (1994), 95 Ohio App.3d 255, 642 N.E.2d 390, the police were looking for a burglar, stopped Patterson, and asked if they could search his car. In doing so, the police officer looked under the seat and found incriminating evidence. The issue in *Patterson* is set out at 259, 642 N.E.2d at 392–393:

"The next facet of this issue is whether the patrolman exceeded the scope of the consent obtained when he looked under the front seat. The trend of federal decisions is clearly in favor of a standard of reasonableness. *United States v. Strickland* (C.A.11, 1990), 902 F.2d 937; *Canada v. State* (1988), 104 Nev. 288, 756 P.2d 552; *United States v. $83,900 in U.S. Currency* (D.Kan.1991), 774 F.Supp. 1305, citing *Florida v. Jimeno* (1991), 500 U.S. 248, 111 S.Ct. 1801, 114 L.Ed.2d 297. In *Jimeno*, the court referred to ' "objective" reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?' *Id.* at 251, 111 S.Ct. at 1803–1804, 114 L.Ed.2d at 302. Using this standard, the court found that *Jimeno*'s general consent to search the car included permission to *open* a folded paper bag found

on the floorboards. The instant search was much more innocuous and, thus, 'objectively reasonable.' " (Emphasis *sic.*)

In contrast to *Patterson* is the case of *State v. Rodriguez* (1992), 83 Ohio App.3d 829, 615 N.E.2d 1094, where the police officer asked Rodriguez if he "could look at his car," and upon receiving consent proceeded to use a screw driver to remove an interior panel. The Second District Court of Appeals held at 834, 615 N.E.2d at 1097–1098:

"We thus turn to whether Rodriguez consented to the removal of the interior panel that revealed the presence of the several packages of cocaine. In *Florida v. Jimeno* (1991), 500 U.S. [248], 111 S.Ct. 1801, 114 L.Ed.2d 297, the Supreme Court had occasion to discuss the standard for measuring the scope of a suspect's consent to the search of his car: 'The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of "objective" reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?'

" * * * *

"In this case, Lt. Steinke testified that he thought that the permission he had received from Rodriguez to 'look * * * in his car' extended to the removal of the interior panel. The trial court appears to have agreed with Lt. Steinke, noting that Rodriguez 'did not limit the scope of his consent to search the motor vehicle.'

"In our judgment, it was not objectively reasonable for Lt. Steinke to construe Rodriguez's response that he 'did not mind if I looked in his car' as a consent to Lt. Steinke's removing the interior panel to locate contraband."

In *State v. Rojas* (1993), 92 Ohio App.3d 336, 635 N.E.2d 66, the defendant was in the Cleveland Hopkins airport with a suitcase which the police thought suspicious. They asked to search the suitcase, and at first he refused. Then he opened the suitcase, but told the officers not to open the envelopes in the suitcase. The Eighth District Court of Appeals held in *Rojas,* at 339, 635 N.E.2d at 67–68:

"Rojas also argues that he did not consent to the search of his suitcase or the envelopes. Finding the search of the envelopes improper, we find it unnecessary to determine whether Rojas consented to the search of his suitcase.

" 'A suspect may * * * delimit as he chooses the scope of the search to which he consents.' *Florida v. Jimeno* (1991), 500 U.S. 248, 252, 111 S.Ct. 1801, 1804, 114 L.Ed.2d 297, 303. The prevailing rule is that a suspect may revoke or limit his consent even after the search has begun. *People v. Powell* (1993), 199 Mich.App. 492, [496–498] 502 N.W.2d 353, 356; *State v. Myer* (Iowa 1989), 441 N.W.2d 762, 765; *Mason v. Pulliam* (C.A.5, 1977), 557 F.2d 426, 429; *United States v. Milian–Rodriguez* (C.A.11, 1985), 759 F.2d 1558, 1563; see, also, 3

LaFave, Search and Seizure (2 Ed.1987) 172–174, Section 8.1(C); Katz, Ohio Arrest, Search and Seizure (3 Ed.1992) 274, Section 16.04."

In this case, the driver is stopped and asked about marijuana. The police officer tells him he smells burnt marijuana, which the driver denies smoking. If the officer thought he was driving under the influence, *i.e.*, driving while smoking marijuana, the likely response is to tell the officer to check the ashtray. Then the driver says, "Search the vehicle, search the ashtray." Applying the objective reasonableness test to this sentence, one could only concede that the consent was limited. It can hardly be considered a general consent to search. Whatever the extent of consent granted by the phrase "Search the vehicle," following it immediately with the phrase "search the ashtray" clearly was a condition which limited the extent of consent to the search.

Another case almost directly on point is *State v. Arrington* (1994), 96 Ohio App.3d 375, 645 N.E.2d 96. In that case, a police officer stopped a woman and suspected from seeing a baton on the floor of the car that she might be carrying other weapons. He asked to search her purse for weapons. She consented, and in the purse he found a case, which he opened and found crack cocaine inside. The Twelfth District Court of Appeals held that the trooper's search of cigarette case found in defendant's purse exceeded the scope of defendant's consent to search for weapons in her purse. The court reasoned at 377, 645 N.E.2d at 97:

"The Fourth Amendment to the United States Constitution protects citizens from unreasonable searches. When an officer conducts a warrantless search, the state bears the burden of establishing the validity of the search. *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 454–455, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564, 576. For example, where an officer claims that he had consent to conduct a search, the state must demonstrate that the consent was freely and voluntarily given and not the result of coercion. *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 248–249, 93 S.Ct. 2041, 2059, 36 L.Ed.2d 854, 875.

"The scope of a consent search is limited by the terms of its authorization and is generally defined by the expressed object of the search. *Florida v. Jimeno* (1991), 500 U.S. 248, 251, 111 S.Ct. 1801, 1804, 114 L.Ed.2d 297, 302. 'The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of "objective" reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?' *Id.* Just as the burden is on the state to demonstrate that a suspect voluntarily consented to a search, the burden must also be on the state to show that a consent search was performed within the scope of that consent."

Based on the foregoing, we find appellant's sole assignment of error well taken since the defendant consented to a limited search and the officer exceeded the scope of that search. The trial court erred in denying the motion to suppress.

The judgment of the trial court is reversed, and this case is remanded to the trial court for proceedings consistent with this opinion. Costs assessed to appellee.

*Judgment reversed.*

SHERCK, J., concurs.

MELVIN L. RESNICK, P.J., dissents.

LAWRENCE GREY, J., retired, of the Fourth Appellate District, sitting by assignment.

MELVIN L. RESNICK, Presiding Judge, dissenting.

I respectfully dissent from the conclusion of the majority that Mack gave only limited consent to search his vehicle. If a suspect voluntarily consents to a search of a vehicle in his possession, the police may search any containers found in that vehicle without additional consent. *Florida v. Jimeno* (1991), 500 U.S. 248, 251, 111 S.Ct. 1801, 1803–1804, 114 L.Ed.2d 297, 302. While I recognize a suspect's right to limit a consensual search, I do not believe that Mack exercised this right. Mack did not say "search the vehicle, search only the ashtray." Nor did he condition the search, as construed by the majority, by stating "search the vehicle *but* only the ashtray" or "search the vehicle's ashtray." He merely invited the officer to look in a specific area, while conducting his general search, where the contraband (in this case a marijuana cigarette) would likely be found. It is well settled that on a motion to suppress, the trial court assumes the role of trier of fact, and is in the best position to resolve questions of fact and the credibility of witnesses. *State v. Clay* (1972), 34 Ohio St.2d 250, 63 O.O.2d 391, 298 N.E.2d 137. Based on the foregoing, I would affirm the court's denial of appellant's motion to suppress.