OPINION *Page 2 
{¶ 1} Appellant Stephen Damron appeals the denial of a Motion to Suppress from his criminal case in the Licking County Court of Common Pleas. Appellee is the State of Ohio.
 {¶ 2} On March 17, 2006 at approximately 7:52 pm, Patrolman Clint Eskins of the Newark Police Department was working drug interdiction. The interdiction team were watching a house on Hancock Street. Suppression Motion Transcript at 21. Another patrolman radioed Patrolman Eskins and informed him appellant left the house in brown van. T. at 21. Patrolman Eskins followed appellant in his vehicle eastbound on Hancock Street. T. at 8. He observed appellant turn onto Union Street without signaling. T. at 8. Based upon this traffic violation, Patrolman Eskins initiated a stop of appellant's vehicle. T. at 8.
 {¶ 3} Patrolman Eskins identified the driver as Stephen Damron. He asked appellant if he had weapons or drugs and appellant replied negatively. T. at 10, 44. Patrolman Eskins asked to search appellant and he consented. T. at 11, 45. Appellant produced two small pocket knives voluntarily. T. at 13. Patrolman Eskins proceeded to pat-down appellant and discovered a plastic baggie filled with vegetation, he believed to be marijuana, and a package of cigarettes. T. at 14. Appellant was then placed under arrest for drug possession pursuant to the city code and read his Miranda rights. T. at 15, 17.
 {¶ 4} Patrolman Eskins placed the cigarette package and baggie of marijuana on the hood of the police vehicle. T. at 16. He gathered the evidence and glanced inside the cigarette package and saw a plastic bag inside the package. T. at 16. He removed the package and saw a crystal substance inside. T. at 16. Patrolman Eskins *Page 3 
field tested the sample and received a negative result. T. at 16. He sent a sample to the laboratory to be tested. T. at 16. The results revealed the substance was methamphetamine.
 {¶ 5} The Licking County Grand Jury indicted appellant on one count of Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree, and one count of Improper Lane Change in violation of R.C. 4511.38(A), a minor misdemeanor. Appellant initially entered a not guilty plea.
 {¶ 6} Appellant filed a Motion to Suppress. A hearing was held and Patrolman Eskins and appellant testified. The trial court overruled the motion stating:
 {¶ 7} "The Court finds that based upon the testimony and evidence in this case, there was a valid traffic stop. The officer clearly testified that there was no left turn signal at Hancock. Later testified[sic] that the defendant did turn left at a later time — I can't remember the exact street — but did engage his turn signal and it worked. The defendant testified that he was having trouble engaging the turn signal, and he, quote, assumed, end quote, that it was working. Therefore, lends[sic] credibility to the officer's statement that the — there was no signal given at Hancock. Therefore, the traffic stop was valid."
 {¶ 8} "The defendant very candidly states that he was cooperative, he consented to the search that gave rise to the marijuana. Once that was discovered, then he was arrested and, therefore, the Court finds that there is no violation of the defendant's Fourth Amendment rights. The motion to suppress, and in the alternative, motion to dismiss is denied." T. at 53-54.
 {¶ 9} Appellant entered a no contest plea and was sentenced to community control. *Page 4 
 {¶ 10} Appellant appeals raising a single assignment of error:
 {¶ 11} "I. THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPRRESS EVIDENCE."
 I. {¶ 12} Appellant argues the trial court committed error when it failed to suppress the crystal methamphetamine which was found in appellant's sweatshirt pocket. Specifically, he argues that Patrolman Eskins' search of the inside of the cigarette package exceeded the scope of consent.
 {¶ 13} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v.Fanning (1982), 1 Ohio St.3d 19, 437 N.E .2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given *Page 5 
case. State v. Curry (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172;State v. Claytor (1993), 85 Ohio App .3d 623, 620 N.E.2d 906; Guysinger, supra.
 {¶ 14} Appellant challenges the trial court's decision regarding the ultimate issue raised in her motion to suppress; therefore, we must independently determine whether the facts meet the appropriate legal standard.
 {¶ 15} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889; State v. Andrews (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271. We first note that appellant does not seek to show that the underlying traffic stop itself was improper.
 {¶ 16} It is well-established a defendant waives his or herFourth Amendment protection by consenting to a warrantless search. State v.Barnes (1986), 25 Ohio St.3d 203, 208, 495 N.E.2d 922, citing Davis v.United States (1946), 328 U.S. 582, 66 S.Ct. 1256, 90 L.Ed. 1453,Schneckloth v. Bustamonte (1973), 412 U.S. 218, 93 S.Ct. 2041,36 L.Ed.2d 854, State v. Pi Kappa Alpha Fraternity (1986),23 Ohio St.3d 141, 491 N.E.2d 1129. "The standard of proof to show a waiver ofFourth Amendment rights is less strict than that required to demonstrate a waiver of Fifth or Sixth Amendment rights. It need not be shown that there has been a knowing and intelligent waiver. Rather, the court must examine the totality of the circumstances to determine the voluntariness of consent." Barnes, supra, at 208-209, 495 N.E.2d 922, citingSchneckloth, supra, and United States v. Mendenhall (1980),446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497.
 {¶ 17} "Voluntary consent, determined under the totality of the circumstances, may validate an otherwise illegal detention and search."State v. Robinette (1997), *Page 6 80 Ohio St.3d 234, 241, 1997 Ohio 343, 685 N.E.2d 762, citing Davis v.United States, supra, at 593-594. Important factors in determining the voluntariness of consent are: (1) The voluntariness of the defendant's custodial status; (2) The presence of coercive police procedures; (3) The extent and level of the defendant's cooperation with the police; (4) The defendant's awareness of his right to refuse to consent; (5) The defendant's education and intelligence; and (6) The defendant's belief that no incriminating evidence will be found. State v. Hall (Dec. 14, 2000), Tuscarawas App. Nos. 2000AP030025, 2000AP030026, citing State v.Webb (Jan. 28, 2000), Montgomery App. No. 17676.
 {¶ 18} The transcript of the suppression hearing in the case sub judice reveals that Patrolman Eskins did not coerce appellant. He merely asked if he had weapons and if he could search his person. T. at 10, 44. Appellant cooperated with the initial stop and agreed to the search. T. at 10, 11, and 45. Appellant even cooperated by handing Patrolman Eskins the pocket knives he had on his person. T. at 13. There is no evidence of prolonged or deceitful questioning by the officer, nor of limitations in the intelligence of appellant or the driver. We are unpersuaded that appellant acted under coercion or merely submitted to a claim of lawful authority. Therefore, under the totality of the circumstances, we conclude that appellant voluntarily consented to the search.Schneckloth, supra.
 {¶ 19} Appellant next contends the search of the cigarette package exceeded the scope of his person. We disagree.
 {¶ 20} When police officers rely upon consent to justify a warrantless search, they have no more authority than they have been given by the consent. "A suspect may * * * delimit as he chooses the scope of the search to which he consents." Florida v. *Page 7 Jimeno (1991), 500 U.S. 248, 252, 111 S.Ct. 1801, 114 L.Ed.2d 297. Any search beyond the permitted intrusion would not be based on a voluntary relinquishment of the right to be free from warrantless searches. SeeState v. Mack (1997), 118 Ohio App.3d 516, 519, 693 N.E.2d 821, appeal not allowed (1997), 79 Ohio St.3d 1418, 680 N.E.2d 156. And if an individual may limit the scope of his consent to search, he may revoke that consent entirely. See, e.g., United States v. Drayton,536 U.S. at 207, 122 S.Ct. 2105, 153 L.Ed.2d 242; Painter v. Robertson (C.A.6, 1999), 185 F.3d 557, 567. Of course, an item properly seized prior to the withdrawal of consent is not subject to suppression under theFourth Amendment. State v. Riggins, Hamilton App. No. C-0306262,2004-Ohio-4247.
 {¶ 21} The prevailing rule among Ohio courts is that consent to a search may be limited in time, duration, area, and intensity, or may revoked at any time, even after the search has begun. See Lakewood v.Smith (1965), 1 Ohio St.2d 128, 130, 205 N.E.2d 388; State v.Crawford, 151 Ohio App.3d 784, 2003-Ohio-902, 786 N.E.2d 83 (2d Dist.);State v. Mack, 118 Ohio App.3d at 519, 693 N.E.2d 821 (6th Dist.);State v. Rojas (1997), 92 Ohio App.3d 336, 635 N.E.2d 66 (8th Dist.);State v. Arrington (1994), 96 Ohio App.3d 375, 645 N.E.2d 96 (12th Dist.).
 {¶ 22} Whether a search is authorized by warrant or by consent, the scope of the search is limited by the terms of its authorization. SeeWalter v. United States (1980), 447 U.S. 649, 656, 100 S.Ct. 2395,65 L.Ed.2d 410; see, also, State v. Robinson, 103 Ohio App.3d at 495,659 N.E.2d 1292. Where a suspect places express limitations on the scope of a consensual search, those limitations must be observed. For example, where a suspect tells the police, "The search is over. I am calling off the search," his consent has been revoked. United States v.Dichiarinte, (C.A.7, 1971), 445 F.2d 126, *Page 8 
128-29. A suspect may also communicate the limitation of a search by his actions. Where a suspect voluntarily opens his door to the police but then closes the door, barring the officers' progress into his apartment, he has communicated the withdrawal of his consent to the initial intrusion. See State v. Robinson, 103 Ohio App.3d at 495,659 N.E.2d 1292.
 {¶ 23} The scope of an individual's consent is often not as readily discernible and is not to be determined by the subjective belief of the suspect. Rather, "[t]he standard for measuring the scope of a suspect's consent is that of `objective reasonableness'-what would the typical reasonable person have understood by the exchange between the officer and suspect?" Florida v. Jimeno, 500 U.S. at 251, 111 S.Ct. 1801,114 L.Ed.2d 297 (citations omitted).
 {¶ 24} The scope of a search is defined by its expressed purpose or by the nature of the object being sought. See id., citing United States v.Ross (1982), 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572; see, also,Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt County,542 U.S. 177, 124 S.Ct. at 2457-2458.
 {¶ 25} In the case sub judice, appellant handed Patrolman Eskins the package of cigarettes voluntarily. T. at 15, 40. The officer did not ask to look in the package. T. at 41. Appellant watched the officer look in the open cigarette package and he did not object verbally or otherwise. T. at 42. The officer then used a flashlight and saw a baggie with a crystal substance inside. T. at 16. It is objectively reasonable for an officer to look in an open container removed from the pockets of a person who has consented to a search. Appellant did not in any way limit this search or object when the officer looked inside the package of cigarettes. We find the search of the open cigarette package to be objectively reasonable. *Page 9 
 {¶ 26} Appellant's assignment of error is overruled. We affirm the trial court's denial of the motion to suppress.
 {¶ 27} The judgment of the Licking County Court of Common Pleas is affirmed.
 Delaney, J. Gwin P.J. and Hoffman, J. concur *Page 8 
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1