OPINION
{¶ 1} Plaintiff-Appellant State of Ohio appeals the trial court's decision of August 27, 2004, granting Defendant-Appellee's Motion to Suppress.
{¶ 2} Defendant-Appellee is Gregory D. Wallace.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On February 14, 2004, Jason Murray and Charles Murray, Jr. went the house of their father, Charles Murray, Sr., who was at that time hospitalized, to ask their nephew, Appellee Gregory Wallace to vacate the premises. Appellee Wallace had been living in his grandfather's apartment, rent-free, for approximately five months.
{¶ 4} After knocking and receiving no response, the Murrays entered the apartment, finding Appellee in his bedroom. The Murrays confronted Appellee and demanded that he vacate the premises. At this point physical confrontation ensued which was broken up by Jason Murray. Charles Murray, Jr. called the Urichsville Police Department, who arrived on the scene shortly thereafter.
{¶ 5} The officers, spoke with the Murrays and Appellee regarding the altercation. Upon entering the residence, Officer Todd Carr detected a strong odor of marijuana.
{¶ 6} The Murrays informed the police officers that Appellee Wallace's mother, Kimberly Wallace, held Charles Murray, Sr.'s power of attorney, and that they were there trying to remove him from the premises on her instruction.
{¶ 7} The Murrays informed the police that they suspected that Appellant had drugs inside the apartment. The Murrays informed the police that they wanted the apartment searched and further stated that Kimberly Wallace gave them permission to have the police search the premises.
{¶ 8} After receiving consent to search, the officers informed Appellee that they would be searching the apartment. Upon conducting said search, the officers found marijuana roaches and residue in an ashtray. The officers also detected a strong odor emanating from the bedroom where Appellee was staying. The officers located a shoebox in the closet containing marijuana.
{¶ 9} Officer Carr then transported Appellee to the Urichsville Police Department where, after being advised of his Miranda rights, he signed a waiver and executed a written confession.
{¶ 10} Appellant was indicted by the Tuscarawas County Grand Jury on one count of Trafficking in Drugs, in violation of R.C. § 2925.03(A)(2).
{¶ 11} Appellee filed a motion to suppress any and all evidence obtained as a result of the search.
{¶ 12} A hearing on said motion to suppress was held on August 9, 2004, and August 11, 2004.
{¶ 13} By Entry dated August 27, 2004, the trial court granted Appellee's motion to suppress.
{¶ 14} It is from this decision that Plaintiff-Appellant State of Ohio now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 15} "I. THE TRIAL COURT ERRED IN RULING THAT THE APPELLEE HAD STANDING TO CHALLENGE THE SEARCH OF THE HOME IN WHICH APPELLEE HAD BEEN A GUEST.
{¶ 16} "II. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO SUPPRESS EVIDENCE AS THE POLICE OFFICERS HAD EITHER ACTUAL OR APPARENT AUTHORITY TO ENTER THE HOME IN WHICH APPELLEE HAD BEEN A GUEST."
 I.
{¶ 17} In its first assignment of error, Appellant State of Ohio argues that the trial court erred in finding that Appellee had standing to challenge a search conducted in an apartment in which he was only a guest. We disagree.
{¶ 18} The State argues that because Appellee was not paying rent to live in his grandfather's apartment and because he had been asked to leave by his uncles, he did not have a legitimate expectation of privacy and did not have standing to challenge the legality of the search.
{¶ 19} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution secure an individual's right to be free from unreasonable searches and seizures, and require warrants to be particular and supported by probable cause. Warrantless entry by law enforcement personnel into premises in which an individual has a reasonable expectation of privacy is per se unreasonable, unless, it falls within a recognized exception to the warrant requirement.Minnesota v. Olson (1990), 495 U.S. 91; Payton v. New York (1980),445 U.S. 573.
{¶ 20} The existence of exigent circumstances, coupled with probable cause, is a well recognized and carefully delineated exception to the warrant requirement. Olson, 495 U.S. at 100; Welsh v. Wisconsin (1984),466 U.S. 740, 749. The United States Supreme Court has identified four situations which form the appropriate standard for determining the existence of exigent circumstances; (1) hot pursuit of a fleeing felon, (2) imminent destruction of evidence, (3) the need to prevent escape, and (4) the risk of danger to police or others. Id. Law enforcement agents bear a heavy burden when attempting to demonstrate exigent circumstances that might justify a warrantless entry. See Welsh, 466 U.S. at 749.
{¶ 21} The facts in this case do not support the presence of an exigent circumstance. Absent exigent circumstances, law enforcement officers are required to knock on the door, announce their presence and await admittance for a reasonable time before forcibly entering a residence. See Wilson v. Arkansas (1995), 514 U.S. 927, 929.
{¶ 22} The state claims the officers obtained consent to enter and search the home, conveyed to the Murray brothers by Kimberly Wallace. However, a review of the record reveals that Ms. Wallace denied same at the suppression hearing.
{¶ 23} The Fourth Amendment confers the right to refuse consent to entry of a defendant's residence. State v. Robinson (1995)103 Ohio App.3d 490. Further, although Gregory Wallace was not one of the leaseholders, a criminal defendant is not required to have an ownership or possessory interest in the premises in order to have standing to complain of a Fourth Amendment violation with respect to a law enforcement officer's entry into those premises; a defendant is required only to have a reasonable expectation of privacy in the premises. Olson, 495 U.S. at 95. In Olson, the United States Supreme Court held that an overnight guest may have a legitimate expectation of privacy in another's home even when his occupation of the premises is not exclusive. Id.
{¶ 24} The trial court found, based on the evidence and testimony before him, that the "State failed to prove . . . that the [Appellee's] rent-free residency was terminated by a person with authority to do so. Therefore, the Court concluded that the [Appellee] has a legitimate interest . . . and standing to challenge the search."
{¶ 25} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
{¶ 26} Based on the foregoing, we find that the trial court did not err in holding that Appellee had standing to challenge the search of the apartment.
{¶ 27} Appellant State of Ohio's first assignment of error is overruled.
 II.
{¶ 28} In its second assignment of error, Appellant State of Ohio argues that the trial court erred in sustaining Appellee's motion to suppress. We disagree.
{¶ 29} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. State v. Curry (1994), 95 Ohio App.3d 93, 96; State v. Claytor (1993), 85 Ohio App.3d 623, 627; State v. Guysinger (1993),86 Ohio App.3d 592.
{¶ 30} In the instant appeal, appellant challenges the trial court's ruling on Appellee's motion to suppress based on the third method. Accordingly, this court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in this case.
{¶ 31} The State argues that in the case sub judice, the Murray brothers had actual authority, or in the alternative apparent authority, to grant consent to the police to search the premises.
{¶ 32} Kimberly Wallace testified to the Court that she did not authorize a search of the premises, she did not give her brothers authority to authorize a search of the premises, that she did not ask her brothers to remove her son from the premises, that her son was staying at the apartment with her permission, and further that her brothers were trespassing when they entered the apartment on February 14, 2004. (T. at 67-68).
{¶ 33} The officers in the instant case were aware that neither of the Murray brothers owned or resided at the apartment in question. The officers also knew that Ms. Wallace was the attorney-in-fact for her father, the owner of the apartment. Additionally, the officers testified that they could have, and probably should have, contacted Ms. Wallace by telephone, to determine her intentions. In addition, Gregory Wallace, who resided in the premises, was not asked for his consent to the search of his bedroom, where, we have previously determined, he had a reasonable expectation of privacy.
{¶ 34} Additionally, at the time the Murray brothers requested and gave their consent to the search, they had been drinking and they were angry, having tried to "evict" their nephew from their father's apartment. Charles Murray, Jr. had even gotten into a physical altercation with Appellee.
{¶ 35} Based on the foregoing, we find that the trial court did not err in finding that the police officers were not reasonable in relying on the authority of the Murray brothers to grant consent to conduct a search of the premises.
{¶ 36} Appellant State of Ohio's second assignment of error is overruled.
{¶ 37} We therefore affirm the judgment of the trial court.
Boggins, P.J. Farmer, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Common Pleas Court, Tuscarawas County, Ohio is affirmed. Costs assessed to Appellant.